This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Bernard Johnson ("Johnson") appeals the judgment of the Summit County Court of Common Pleas sentencing him to maximum, consecutive sentences. This Court affirms.
 I.
On March 29, 2001, Johnson was indicted for four counts of rape of a child less than thirteen years of age, in violation of R.C.2907.02(A)(1)(b). Johnson and the state entered into plea negotiations, whereby the state amended the indictment to delete the "by force or threat of force" specifications, and Johnson agreed to plead guilty to counts two, three, and four. The court found Johnson guilty and sentenced him to four years imprisonment on each count three and count four. The court ordered Johnson to serve the two four-year sentences concurrently. The court also sentenced Johnson to ten years imprisonment for count two, with this sentence to be served consecutively with the other sentences.
Johnson timely appeals, asserting one assignment of error.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM SENTENCES WITHOUT CONSIDERATION OF THE STATUTORY CRITERIA SET FORTH IN OHIO REVISED CODE SECTION 2929.11 ET SEQ IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
Johnson argues that the trial court erred when it sentenced him to serve a maximum sentence of ten years for one count of rape. Although his assignment of error does not specifically address the consecutive sentences, Johnson also challenges the consecutive sentences in his argument. Specifically, Johnson argues that the trial court did not comply with R.C. 2929.12 and 2929.14.
First, Johnson contends that the trial court failed to consider various seriousness and recidivism circumstances pursuant to R.C. 2929.12. Johnson asserts that the trial court failed to consider three specific factors: the offense was the result of circumstances unlikely to recur; the offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense; and the offender is likely to respond quickly to correctional or rehabilitative treatment.[1] This Court notes that the last factor cited by appellant does not appear in the statute as a factor the court must consider in determining the sentence. See R.C. 2929.12(E).
The overriding purposes of felony sentencing are described in R.C.2929.11. The overriding purposes are to punish the offender and to protect the public from future criminal acts. Id. R.C. 2929.12 provides that the trial court, in its exercise of discretion in sentencing, "shall consider" certain factors relating to the seriousness of the offender's conduct and others relating to the likelihood of the offender's recidivism. R.C. 2929.12. The Ohio Supreme Court has held that R.C. 2929.12
does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. See, also, State v. Neptune (Nov. 14, 2001), Medina App. 3171-M, unreported.
In the case sub judice, the journal entry specifically states, "The Court considered the record, statements of counsel, as well as the principles and purposes of sentencing under [R.C.] 2929.11, and the seriousness and recidivism factors under O.R.C. 2929.12." The trial court stated that it considered the factors required pursuant to R.C. 2929.12. Therefore, the trial court made it clear that it had considered all relevant factors in reaching its decision.
Johnson also asserts that the trial court failed to follow the requirements of R.C. 2929.14(E)(4) when it imposed a consecutive sentence. The trial court may impose consecutive sentences when the court finds consecutive sentences are necessary to protect the public or to punish the offender, provided that the sentences are not disproportionate to the both the seriousness of the defendant's conduct and to the danger posed to the public. The court must also find one of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.14(E)(4).
A review of the record in this case reveals that the trial court stated its findings in its journal entry. This Court has held that the findings of a trial court need not be in the sentencing transcript if they are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported. See, also, State v. Edmonson (1999),86 Ohio St.3d 324. In this case, the trial court's journal entry stated,
 The Court further finds * * * that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
Thus, the trial court followed the statutory mandate when it sentenced Johnson to consecutive sentences. Johnson's assignment of error is therefore overruled.
 III.
Having overruled Johnson's sole assignment of error, this Court affirms the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] While Johnson cites to R.C. 2929.12(C), this Court notes that the correct statutory section is R.C. 2929.12(E).